**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSE LEON-AVALOS,<br><br>Defendant. | CASE NO. 1:25-cr-00237<br><br>(SAPORITO, J.) |

# MEMORANDUM

This matter comes before the court on the defendant's motion to strike. Doc. 37. The motion is fully briefed and ripe for disposition. Doc. 38; Doc. 43; Doc. 49.

In Count 1 of the superseding indictment, Doc. 24, the defendant, Jose Leon-Avalos, is charged with illegal reentry after committing an aggravated felony, in violation of 8 U.S.C. § 1326.[1] He was previously removed from the United States after being convicted in Pennsylvania state court of aggravated assault, a felony made punishable under 18 Pa. Cons. Stat. Ann. § 2702(a)(1).[2] In his motion, the defendant contends that

---

[1] Count 2 of the two-count superseding indictment was previously dismissed on an unopposed motion by the government. Doc. 45; Doc. 46.

[2] The superseding indictment alleges a second prior aggravated felony, but in its opposition brief, the government appears to concede that this second offense does not constitute an aggravated felony, indicating

*(continued on next page)*

his aggravated assault conviction does not constitute an "aggravated felony" for purposes of the illegal reentry statute under which he is charged, and thus the "aggravated felony" allegation should be stricken from the superseding indictment.

Section 1326(a) of Title 8 of the United States Code provides, in relevant part, that "any alien who . . . has been denied admission, excluded, deported, or removed . . . and thereafter . . . enters, attempts to enter, or is at any time found in, the United States . . . shall be fined . . . or imprisoned." 8 U.S.C. § 1326(a). Section 1326(b)(2) prescribes enhanced penalties for removed aliens whose removal from the United States followed an aggravated felony conviction. *See id.* § 1326(b)(2).[3] As relevant here, the term "aggravated felony" is defined in the statute to include "a crime of violence (as defined in section 16 of Title 18, but not

---

that it intends to separately move to have that language stricken from Count 1. *See* Br. Opp'n 3 n.1, Doc. 43.

[3] The base offense of illegal reentry carries a prison sentence of up to two years in prison. *See* 8 U.S.C. § 1326(a). Illegal reentry subsequent to conviction for three or more misdemeanors involving drugs or crimes against persons, or subsequent to conviction for a garden-variety felony carries an enhanced sentence of up to ten years in prison. *See id.* § 1326(b)(1). Illegal entry subsequent to conviction for an aggravated felony, as charged here, carries a further enhanced sentence of up to twenty years in prison. *See id.* § 1326(b)(2).

including a purely political offense) for which the term of imprisonment [is] at least one year." *Id.* § 1101(a)(43)(F). Section 16 of Title 18, in turn, defines the term "crime of violence" to mean "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).[4]

To determine whether a conviction meets the definition of a "crime of violence" under the elements clause, courts employ the categorical approach, which "requires us to look to the elements and nature of the offense of conviction, rather than to the particular facts relating to [the defendant's] crime." *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004); *see also United States v. Harris*, 88 F.4th 458, 461 (3d Cir. 2023) (Jordan, J., concurring in denial of rehearing en banc) ("[O]ne examines the text of the statute under which the earlier conviction in question was obtained[,] . . . and then one hypothesizes the least culpable *mens rea* that could qualify as a violation of that statute."). "However, when the court is confronted with a statute that is 'divisible'—that is, when the

[4] This is commonly known as the "elements clause" of Section 16. This statute includes a second provision, § 16(b), known as the "residual clause," but the language of § 16(b)'s residual clause has been held to be unconstitutionally vague. *See Sessions v. Dimaya*, 584 U.S. 148, 174–75 (2018).

statute 'comprises multiple, alternative versions of the crime,' a modified categorical approach applies." *United States v. Haines*, 296 F. Supp. 3d 726, 729 (E.D. Pa. 2017). Under the modified categorical approach, a court "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 579 U.S. 500, 505–06 (2016).[5] The court may then evaluate if that more specific crime categorically qualifies as a "crime of violence."

Pennsylvania's aggravated assault statute, § 2702(a), is a divisible statute under which each subsection is a separate and alternative version of the crime, and so in assessing whether the conviction constitutes a "crime of violence," a court limits its analysis to the specific subsection of the statute under which the defendant was convicted. *See United States v. Hurtt*, 105 F.4th 520, 523 (3d Cir. 2024) ("Section 2702(a) contains nine different subsections, each 'criminalizing different conduct.'") (brackets

[5] These documents are commonly referred to as "*Shepard* documents." *See generally Shepard v. United States*, 544 U.S. 13, 26 (2005) (authorizing the use of limited judicial documents to determine the elements of a defendant's prior crime of conviction).

omitted); *United States v. Ramos*, 892 F.3d 599, 609 (3d Cir. 2018) (holding that § 2702(a) is divisible and thus subject to the modified categorical approach). Here, the *Shepard* documents offered by the government, without objection from the defendant, unequivocally establish that Leon-Avalos was previously convicted of aggravated assault under § 2702(a)(1) and sentenced to serve a term of 12 to 24 months of incarceration.

The defendant argues that his aggravated assault conviction does not qualify as a predicate "crime of violence" as a matter of law. Section 2702(a)(1) provides as follows: "A person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . ." 18 Pa. Cons. Stat. Ann. § 2702(a)(1). Because his offense of conviction may be proven by a *mens rea* of recklessness, rather than specific intent or knowledge (i.e., general intent),[6] the defendant contends that, following

[6] *See generally United States v. Bailey*, 444 U.S. 394, 404–05 (1980) (comparing the common law's *mens rea* concepts of specific intent and general intent to the Model Penal Code's *mens rea* concepts of acting purposefully and acting knowingly).

the categorical approach, § 2702(a)(1) aggravated assault does not constitute a "crime of violence" under § 16's elements clause.

The Supreme Court has previously recognized that "[t]he key phrase in § 16(a)—the 'use . . . of physical force against the person or property of another'—most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal*, 543 U.S. at 9 (ellipsis in original).[7] More recently, the Supreme Court has held that this same statutory language "excludes conduct, like recklessness, that is not directed or targeted at another." *Borden v. United States*, 593 U.S. 420, 443 (2021) (plurality opinion).[8] But in doing so, the Supreme Court expressly recognized a distinction between the *mens rea* of ordinary

[7] The *Leocal* court expressly reserved judgment with respect to whether an offense with a recklessness *mens rea* could constitute a crime of violence under the elements clause. *See id.* at 13 ("This case does not present us with the question whether a state or federal offense that requires proof of the *reckless* use of force against a person or property of another qualifies as a crime of violence under 18 U.S.C. § 16.").

[8] Although the primary opinion in *Borden* was a four-justice plurality opinion, Justice Thomas, who did not join in that opinion, concurred in the judgment. *See Borden*, 593 U.S. at 452 n.3 (Kavanaugh, J., dissenting) ("Just to explain today's lineup: Four Justices form the plurality, Justice THOMAS concurs in the judgment. He agrees with the plurality's result but not its reasoning, and concludes that the phrase 'use of physical force' *alone* excludes reckless offenses such as reckless assault or reckless homicide. . . . (Importantly, unlike the plurality, Justice THOMAS does not rely on the phrase 'against the person of another.')").

recklessness at issue in *Borden* and an additional, interstitial *mens rea* of heightened recklessness, as to which it reserved judgment. *See id.* at 429 n.4 ("Some States recognize mental states (often called 'depraved heart' or 'extreme recklessness') between recklessness and knowledge. We have no occasion to address whether offenses with those mental states fall within the elements clause.").

The minimum mental state required for conviction under § 2702(a)(1) is not *ordinary* recklessness—which clearly would not constitute a crime of violence under *Borden*—but "reckless[ness] under circumstances manifesting extreme indifference to the value of human life." *See* 18 Pa. Cons. Stat. Ann. § 2702(a)(1). Thus, the *mens rea* requirement for § 2702(a)(1) falls squarely within that interstitial gray area of heightened or extreme recklessness identified by the Supreme Court in *Borden*. *See, e.g.*, *Haines*, 296 F. Supp. 3d at 730 ("Subsection (a)(1) requires recklessness 'with extreme indifference to the value of human life,' often referred to as 'depraved heart' recklessness . . . .").

In recent years, appellate courts in eight other circuits have uniformly agreed that a crime committed with heightened or extreme recklessness qualifies as a "crime of violence" under the elements clause.

*See United States v. Delgado*, 149 F.4th 244, 247 (2d Cir. 2025) ("depraved mind" or extreme recklessness); *United States v. Kepler*, 74 F.4th 1292, 1303–04 (10th Cir. 2023) (malice or depraved-heart recklessness); *Janis v. United States*, 73 F.4th 628, 633–34 (8th Cir. 2023) (extreme recklessness); *United States v. Harrison*, 54 F.4th 884, 889 (6th Cir. 2022) ("wantonness under circumstances manifesting an extreme indifference to human life"); *United States v. Manley*, 52 F.4th 143, 151 (4th Cir. 2022) (malice or "extreme recklessness"); *Alvarado-Linares v. United States*, 44 F.4th 1334, 1343–44 (11th Cir. 2022) (malice aforethought); *United States v. Begay*, 33 F.4th 1081, 1093 (9th Cir. 2022) (en banc) ("depraved heart (i.e., reckless indifference)" or "recklessness that rises to the level of extreme disregard for human life"); *United States v. Báez-Martínez*, 950 F.3d 119, 125–27 (1st Cir. 2020) ("malice-aforethought-style recklessness" or "heightened recklessness").

But the question remains open in the Third Circuit. *See Harris*, 88 F.4th at 462 & n.8 (Jordan, J., concurring in denial of rehearing en banc) ("While some Courts of Appeals have held a mens rea of 'extreme recklessness' is distinguishable and can be a categorical match, we have not yet addressed that question.") (citation omitted); *United States v.*

*Henderson*, 80 F.4th 207, 212 n.5 (3d Cir. 2023) ("*Borden* left open the question of whether offenses requiring a mental state of 'extreme recklessness' satisfy the elements clause. Because this is an open question, we do not address it here . . . .") (citation omitted).[9]

Without clear guidance from the Third Circuit on this issue, we have looked to the reasoning set forth by the eight other Courts of Appeals to consider whether criminal statues containing the *mens rea* of heightened or extreme recklessness as an element qualify as crimes of violence under the elements clause. We find it particularly cogent that

---

[9] This *mens rea* question appears to have remained unresolved in this circuit largely based on an earlier appellate decision holding that § 2702(a)(1) was not a crime of violence under the elements clause because it did not include the use of physical force as an element. *See United States v. Mayo*, 901 F.3d 218, 230 (3d Cir. 2018) ("[T]he use of physical force required by the [elements clause] cannot be satisfied by a failure to act, which can be prosecuted under § 2702(a)(1)."); *see also United States v. Jenkins*, 68 F.4th 148, 152 & n.6 (3d Cir. 2023); *United States v. Harris*, 68 F.4th 140, 146 (3d Cir. 2023). *Mayo* and its progeny were more recently abrogated by the Supreme Court's decision in *Delligatti v. United States*, 604 U.S. 423 (2025), which held that the "knowing or intentional causation of injury or death, whether by act *or omission*, necessarily involves the use of physical force against another person." *Id.* at 439 (emphasis added); *see also United States v. Minter*, 164 F.4th 243, 247 (3d Cir. 2026) (recognizing that, in light of the *Delligatti* decision, "our holding in *Mayo* is no longer good law"). In the wake of *Delligatti*, the question of whether the minimum *mens rea* required for a § 2702(a)(1) conviction is sufficient to qualify it as a crime of violence has returned to the forefront.

"[e]very circuit that has considered the question post-*Borden* has concluded that crimes involving mental states between ordinary recklessness and knowledge qualify as crimes of violence." *Delgado*, 149 F.4th at 253. We agree that "[e]xtreme recklessness . . . approaches the definition of knowledge. . . . Because the risk from extreme-reckless conduct is so high, the harmful result nears 'practical certainty' that force will be applied to another person." *Janis*, 73 F.4th at 633–34.

Section 2702(a)(1) does not criminalize *ordinary* reckless conduct that causes serious bodily injury to another, but "reckless[ness] under circumstances manifesting extreme indifference to the value of human life," 18 Pa. Cons. Stat. Ann. § 2702(a)(1). This mental state of heightened or extreme recklessness is more akin to knowledge than to ordinary recklessness. Thus, we find that a conviction under this statute constitutes a "crime of violence" within the scope of § 16's elements clause and, as a consequence, constitutes an aggravated felony under § 1326.

Accordingly, the defendant's motion to strike will be denied.

An appropriate order follows.

Dated: September 11, 2026 *s/Joseph F. Saporito, Jr.*

JOSEPH F. SAPORITO, JR.
United States District Judge